# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID W. BENTLEY,

            Plaintiff,

v.

MICHAEL BAENEN, PETER ERICKSON, NANCY IRIZARY, C.O. FRIPPER, CAPT. LESAC, LT. STEVENS, and DON STRAHOTA,

            Defendants.

Case No. 17-CV-1791-JPS

**ORDER**

      Plaintiff David W. Bentley, a Wisconsin state prisoner who is representing himself, filed a civil rights under 42 U.S.C. § 1983, along with a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). Plaintiff was assessed and paid an initial partial filing fee of $42.58. This matter comes before the court for screening of the complaint.

      This case was previously assigned to Magistrate Judge William E. Duffin. However, because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was reassigned to a District Judge for entry of this dismissal order.

      The Prison Litigation Reform Act ("PLRA") requires federal courts to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The complaint must contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Federal courts follow the two-step analysis set forth in *Twombly* to determine whether a complaint states a claim. *Iqbal*, 556 U.S. at 679. First, the court determines whether a plaintiff's legal conclusions are supported by factual allegations. *Id*. Legal conclusions not support by facts "are not entitled to the assumption of truth." *Id*. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id*. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

In 2011, Plaintiff was an inmate at the Green Bay Correctional Institution ("GBCI"). (Docket #1 at ¶¶ 1-2). He started having a sexual relationship with Defendant C.O. Fripper. *Id*. at ¶ 3. Plaintiff explains that "he was a willing party because of being in prison for so long what man wouldn't." *Id*. at ¶ 16. Defendants Michael Baenen, Security Director Peter Erickson, Captain Lesac, and Lieutenant Stevens were all aware of the sexual relationship and allowed it to continue. *Id*. at ¶¶ 4-6, 25.

On November 26, 2011, Stevens and another officer questioned Plaintiff about the sexual relationship. *Id*. at ¶¶ 7-8. Stevens told Plaintiff that they knew about the sexual relationship because they had over 9,000 calls recorded. *Id*. at ¶ 8. The other officer in the room said that C.O. Fripper admitted to everything and they had just dropped her off at the Brown County Jail. *Id*. at ¶ 9.

That same day, on November 28, 2011, Plaintiff was transferred to Waupun Correctional Institution ("WCI"). *Id*. at ¶¶ 11-12. Upon arrival, WCI officers interviewed Plaintiff again about the sexual relationship. *Id*. at ¶ 14. Plaintiff states that it is a violation of DAI policy for anyone other than the warden, Defendant Don Strahota for WCI, to investigate sexual misconduct. *Id*. at ¶¶ 21-23. Strahota did not investigate the sexual relationship once Plaintiff arrived at WCI, even though he knew about it. *Id*. at ¶ 26. Defendant Nancy Irizary, the victim service coordinator at WCI, also did not investigate the sexual relationship. *Id*. at ¶ 27. Plaintiff states that Irizary "had a[n] obligation to speak with [him] regardless [of] if he wrote her or not to see if he needed any assistance." *Id*.

Plaintiff further notes that prison staff at both GBCI and WCI explained to him that he is a victim and could not consent under the Prison Rape Elimination Act ("PREA") or Wisconsin criminal law. *Id*. at ¶¶ 10, 15-

16, 23. A few months later, C.O. Fripper was criminally charged in Brown County circuit court. *Id*. at ¶ 18.

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff cannot proceed with this lawsuit for multiple independent reasons. First, Plaintiff did not bring suit within the applicable statute of limitations. Section 1983 does not have an internal statute of limitations. Instead, federal courts look to the "general or residual statute of limitations governing personal injury actions" as provided for by the state where the injury occurred. *Gray v. Lacke*, 885 F.2d 399, 407 (7th Cir. 1989). In Wisconsin, the limitations period is six years. *Kennedy v. Huibregtse*, 831 F.3d 441, 442 (7th Cir. 2016); Wis. Stat. § 893.53. Plaintiff indicates that the events described above happened in 2011 at GBCI. He identifies the last date of injury as November 26, 2011, when he was transferred to WCI. This case was not filed until December 27, 2017, about a month past the statute of limitations.

Second, Plaintiff fails to identify any injury of constitutional magnitude. The crux of Plaintiff's claim is that he was a "willing party" in a sexual relationship but that he could not legally "consent" under the PREA or Wisconsin criminal law. The PREA does not create a private cause of action in federal court, thus, Plaintiff must allege an independent constitutional violation. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002)

("We now reject the notion that our cases permit anything short of an unambiguously conferred right to support a cause of action brought under § 1983[.]"). Here, Plaintiff has alleged no injury apart from violation of the PREA and Wisconsin criminal law.

To the extent plaintiff suggests that Defendants Strahota and Irizary did not follow DAI policy regarding who could interview him and when it should have happened, or that DAI policy required more thorough investigation once he arrived at WCI, violation of prison policy or state law does not violate the constitution. *See Berry v. Sidwell*, No. 1:14-CV-01405-TWP, 2014 WL 4988014, at *2 (S.D. Ind. Oct. 6, 2014); *see also Gregory v. Chamness*, No. 13-CV-01124-MJR, 2013 WL 6230019, at *3 (S.D. Ill. Dec. 2, 2013). This action must, therefore, be dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket #5) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution

shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g); and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless Plaintiff offers bonafide arguments supporting his appeal.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of February, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge